UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| TY'KEE WALMSLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 0:22-cv-01762-SAL |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, TY'KEE WALMSLEY ("Plaintiff"), through her attorney, Chauntel D. Bland, Esquire, alleges the following against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq. ("UTPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of York, York County, State of South Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Plaintiff is a person as that term is defined by the UTPA.

11. Defendant is a debt collector as that term is defined by the FDCPA.

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a corporation and a national collection agency located in Coon Rapids, Anoka County, State of Minnesota.

14. Defendant is a business entity engaged in the collection of debt within the State of South Carolina.

15. Defendant is engaged in "trade" and/or "commerce," as those terms are defined by the UTPA, in the State of South Carolina.

16. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

17. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect a consumer debt from Plaintiff.

23. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

24. In or around January, 2022, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-1844, in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from 844-541-0500, which is one of Defendant's telephone numbers.

26. In or around February 2022, Plaintiff spoke with one of Defendant's collectors.

27. During the above-referenced conversation:

    a. Plaintiff identified herself;

    b. Defendant's collector refused to identify where she was calling from;

    c. Plaintiff requested that Defendant stop calling her.

28. Despite the foregoing, Defendant continued to place collection calls to Plaintiff's telephone unabated.

29. Defendant engaged in the foregoing conduct with intent to annoy, abuse, or harass Plaintiff.

30. Defendant used the foregoing false, deceptive, or misleading means in connection with the collection of the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff unabated after Plaintiff requested for Defendant to stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff unabated after Plaintiff requested for Defendant to stop calling her;

    c. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity, when Defendant's collector spoke to Plaintiff and refused to disclose that she was calling from Diversified Adjustment Service, Inc. after Plaintiff identified herself;

  d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling her;

  e. Defendant violated § 1692e(10) of the FDCPA by using any false misrepresentation or deceptive means to collect any debt, when defendant continued to place collection calls to Plaintiff unabated after Plaintiff disputed the debt;

  f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in the initial communication with Plaintiff that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

  g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct; and

  h. Defendant violated § 1692g of the FDCPA by failing to send the notice required by § 1692g.

33. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

34. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

  WHEREFORE, Plaintiff, TY'KEE WALMSLEY, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

37. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

33. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-two (32) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant violated the UTPA based on the following:

    a. Defendant violated § 39-5-20 of the UTPA by engaging in unfair or deceptive acts or practices in the conduct of any trade or commerce, when Defendant engaged in all of the conduct alleged above.

35. Defendant's acts as described above were done intentionally with the purpose of harassing Plaintiff.

36. As a result of the foregoing violations of the UTPA, Defendant is liable to the Plaintiff for compensatory damages, actual damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, TY'KEE WALMSLEY, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC., for the following:

37. Compensatory damages pursuant to the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-140(a);

38. Costs and reasonable attorneys' fees pursuant to the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-140(a); and

39. Any other relief that this Honorable Court deems appropriate.

                        RESPECTFULLY SUBMITTED,

                By: /s/ Chauntel D. Bland
                    Chauntel D. Bland, Esquire
                    463 Regency Park Drive
                    Columbia, SC 29210
                    Tel: (803) 319-6262
                    Fax: (866) 322-6815
                    chauntel.bland@yahoo.com